IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL PACKMAN,

                Plaintiff,

v.                                                                OPINION and ORDER

THE PRUDENTIAL INSURANCE                          19-cv-1012-jdp
COMPANY OF AMERICA,

                Defendant.

---

Plaintiff Michael Packman says that he had to stop working in 2017 because he suffers from a combination of ailments. Defendant Prudential Insurance Company of America denied his application for long-term disability benefits under his employee benefit plan, after which Packman filed suit in this court under the Employee Retirement Income Security Act (ERISA).

Prudential has moved to transfer this case to the United States District Court for the Eastern District of Missouri. Dkt. 11. Venue would be proper in either Wisconsin or Missouri. But Prudential contends that transfer to the Eastern District of Missouri is appropriate under 28 U.S.C. § 1404 because that is where Packman lives and where he was treated for his conditions. Packman chose this forum because he thinks Seventh Circuit law is favorable to him, and he contends that his choice is entitled to deference.

The convenience of the parties and witnesses is not much of a factor in an ERISA case. But Missouri has a much stronger connection to Packman's lawsuit than Wisconsin does, and Packman's forum-shopping is not entitled to deference. The court will grant Prudential's motion and transfer this case.

BACKGROUND

According to Packman's complaint, Dkt. 1, Packman worked for CUNA Mutual Financial Group as a financial advisor from 1991 to 2017, when a combination of symptoms from several ailments—Crohn's disease, psoriatic arthritis, venous sinus thrombosis, and fibromyalgia—forced him to stop working. Packman applied for long-term disability benefits under the terms of a benefit plan for CUNA Mutual employees, but his application was denied by Prudential, the plan administrator. CUNA Mutual is located in Madison, Wisconsin. But Packman lives in St. Louis County, Missouri. Packman lived in St. Louis County when he was treated for his ailments, when he filed his claim for benefits, and when his claim was denied.

ANALYSIS

Under § 1404(a), a district court can transfer a civil action to another district court where the case could have been brought, if doing so suits the convenience of parties and witnesses or serves the interest of justice. Prudential has the burden of showing that transfer is appropriate. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

A.  **Convenience of the parties and witnesses**

Prudential contends that key witnesses and records will be located in Missouri because Packman was treated there for his ailments. Considerations about the locations of potential witnesses would bear more weight if this were not an ERISA suit, which will likely be resolved on cross-motions for summary judgment. *See Leader v. Unum Life Ins. Co. of Am.*, No. 16-cv-027, 2016 WL 1559187, at *1 (W.D. Wis. Apr. 18, 2016). The location of medical records will not likely be important; discovery will probably be unnecessary because suits like this are usually resolved on the administrative record alone. Prudential, located in New Jersey, also says that

Missouri is more convenient for it because direct flights are available from New Jersey to Missouri but not to Wisconsin. But this court will not require any in-person appearances unless this case proceeds to trial, which is also unlikely. And even if in-person appearances were required, a connecting flight isn't the type of inconvenience that requires transfer. The convenience of the parties and witnesses would favor transfer to Missouri only if this case takes a very unusual path for an ERISA case, and Prudential hasn't suggested that it will.

Packman's counter argument isn't strong, either. His main argument is that a plaintiff's choice of forum is entitled to deference. But that deference is lessened because Wisconsin is not Packman's home forum and because more of the material events occurred in Missouri than in Wisconsin. *See Gullone v. Bayer Corp. (In re Factor VIII or IX Concentrate Blood Prods. Litigation)*, 484 F.3d 951, 956 (7th Cir. 2007) ("[I]f the plaintiff is suing far from home, it is less reasonable to assume that the forum is a convenient one and therefore the presumption in the plaintiff's favor applies with less force. . . . Put the other way, the risk that the chosen forum really has little connection to the litigation is greater.") (internal quotations omitted).

Packman's choice was motivated by one factor: he contends that Prudential's decisions would be subject to a less deferential standard of review in the Seventh Circuit than they are in the Eighth Circuit. *See* Dkt. 12, at 3–4. But § 1404's transfer provisions were intended to prevent forum-shopping, and plaintiffs should not be able "to select one district exclusively or primarily to obtain or avoid specific precedents." *Schmid Laboratories, Inc. v. Hartford Accident & Indem. Co.*, 654 F. Supp. 734, 737 (D.D.C. 1986). Such forum-shopping "may count against a plaintiff's choice of forum" in a § 1404 analysis. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 979 n.2 (7th Cir. 2010); *see also Caterpillar, Inc. v. ESCO Corp.*, 909 F. Supp. 2d 1026, 1036 (C.D. Ill. 2012) ("Courts are always concerned about the prevention of

3

pernicious forum-shopping, and must be cognizant of this issue when dealing with a motion to transfer.").

Packman's lack of connection to Wisconsin and his admitted forum-shopping negate any deference to his choice of forum. But Prudential can prevail on the convenience analysis only by showing that Missouri is plainly more convenient, and Prudential hasn't made that showing.

**B. Interest of justice**

Whether transfer is in the interest of justice is a separate component of a § 1404(a) transfer analysis, and it may require transfer even if the convenience of the parties and witnesses would lead to a different result. *Coffey*, 796 F.2d at 220–21. Factors relevant to this inquiry include the courts' relative speeds, the courts' relative familiarity with the relevant law, the desirability of resolving the dispute in one district over another, and the relationship of each community to the dispute. *Research Automation*, 626 F.3d at 978.

As Prudential notes, the courts' relative speeds are not different enough to weigh in either direction.[1] And both courts are presumed to be equally familiar with applying federal statutes such as ERISA. *See, e.g.*, *Camarena v. Vanderbilt Mortgage & Fin., Inc.*, No. 15 C 00656, 2015 WL 4036258, at *4 (N.D. Ill. July 1, 2015).

But Missouri's interest in this suit is plainly stronger than Wisconsin's. Packman's home state has a strong interest in redressing any wrongs that he may have suffered. *See Leader*, 2016 WL 1559187, at *3. And Missouri is "closer to the action" underlying this lawsuit, which

---

[1] *See United States District Courts—National Judicial Caseload Profile*, available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2020.pdf (last visited August 3, 2020).

4

weighs heavily in favor of transfer. *United States ex rel. Hedley v. ABHE & Svoboda, Inc.*, No 11-CV-0348-NJR-DGW, 2014 WL 12740150, at *10 (S.D. Ill. Sept. 16, 2014) (quoting *Carillo v. Darden*, 992 F. Supp. 1024, 1026 (N.D Ill. 1998)). As Prudential notes, Packman lived in Missouri when he says that he became too ill to work. He received his medical treatment in Missouri. He lived in Missouri when he applied for benefits, he lived there when his application was denied, and he still lives there now.

Packman doesn't address Prudential's argument that the interest of justice favors transfer. He says only that Prudential "has failed to produce any persuasive argument." Dkt. 12, at 6. He does not explain why Prudential's argument is unpersuasive, nor does he explain why the interest of justice weighs against transfer. Instead, he says that Prudential has not identified any specific witnesses that it might call or summarized what testimony such witnesses might offer. But those questions concern the convenience of the parties and witnesses, not the interest of justice.

The only connections between Packman's lawsuit and Wisconsin that are discernable from Packman's brief are that (1) Packman's employer, CUNA Mutual, is located in Wisconsin; (2) the summary plan description for Packman's plan, Dkt. 12-1, says that the plan was administered in Wisconsin; and (3) Prudential conducts business in Wisconsin. But CUNA Mutual is not a party to this case. It has nothing to do with the material events in this lawsuit—Packman's treatment and Prudential's decision to deny his claim for benefits. Prudential, a large insurance corporation, undoubtedly does business in Wisconsin, but that says nothing about the strength of Wisconsin's connection to this particular dispute. This leaves the fact that the plan is administered in Wisconsin, which the parties do not explain. Prudential says, and Packman doesn't dispute, that individual claims for benefits under the

5

plan are administered in New Jersey, not in Wisconsin. Dkt. 11, at 3. Packman draws only tenuous connections to Wisconsin, but this lawsuit has strong ties to Missouri.

## CONCLUSION

Prudential has shown that Missouri's connection to this case is much stronger than Wisconsin's. Packman identifies nothing related to the convenience of the parties or the legitimate interests of justice that weigh in favor of keeping the case in this district. The court will grant Prudential's motion to transfer the case.

## ORDER

IT IS ORDERED that:

1. Defendant Prudential Insurance Company of America's motion to transfer, Dkt. 11, is GRANTED.

2. This case is transferred to the United States District Court for the Eastern District of Missouri.

Entered August 13, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge